UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN ALLEN,<br><br>     Petitioner,<br>vs.<br><br>People of the State of California,<br><br>     Respondent. | Case No. CV 09-9261 TJH(RC)<br><br>OPINION AND ORDER ON A<br>PETITION FOR HABEAS CORPUS |

On December 17, 2009, petitioner Kelvin Allen, a person in state custody proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his 1996-97 conviction and sentence in Los Angeles County Superior Court case no. BA125580.

**BACKGROUND**

This Court, pursuant to Federal Rule of Evidence 201, takes judicial notice of the records in a prior federal habeas corpus action brought by petitioner: Allen vs. Warden Bob Horel, case no. CV 07-2939-TJH(RC) ("Allen I"), which was dismissed as untimely on November 30, 2007. Although petitioner filed a notice of appeal, his request for a certificate of appealability was denied by both this Court and

the Ninth Circuit Court of Appeals.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." Tyler v. Cain, 533 U.S. 656, 661, 121 S. Ct. 2478, 2481-82, 150 L. Ed. 2d 632 (2001). Specifically, the AEDPA provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A).

This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657, 116 S. Ct. 2333, 2339, 135 L. Ed. 2d 827 (1996); Stewart v. Martinez-Villareal, 523 U.S. 637, 641, 118 S. Ct. 1618, 1620, 140 L. Ed. 2d 849 (1998). "An individual seeking to file a 'second or successive' application must move in the appropriate court of appeals for an order directing the district court to consider his application," Martinez-Villareal, 523 U.S. at 641, 118 S. Ct. at 1620, and the appellate court "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of" Section 2244(b). 28 U.S.C. § 2244(b)(3)(C);

2

Morales v. Ornoski, 439 F.3d 529, 531 (9th Cir. 2006); see also Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001)("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'"  (quoting Libby v. Magnusson, 177 F.3d 43, 46 (1st Cir. 1999)).

"[D]ismissal of a section 2254 habeas petition for failure to comply with the [AEDPA's] statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA, 28 U.S.C. § 2244(b)(1)."  McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (footnote omitted); see also Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005) ("[The] dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b).").  Since petitioner's initial habeas corpus petition, Allen I, was denied as untimely, the instant petition is a successive petition.  Ibid.

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 foll. U.S.C. § 2254, Rule 4.  Here, it plainly appears on the face of the petition that petitioner has not received authorization from the Ninth Circuit Court of Appeals for the instant petition to be brought.  Thus, this Court

must dismiss the instant habeas petition as a successive petition for which it lacks subject matter jurisdiction.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered SUMMARILY DISMISSING the habeas petition and action for lack of subject matter jurisdiction.[1]

The Clerk of Court shall notify petitioner of the Judgment.

DATED: December 28, 2009

THE HONORABLE TERRY J. HATTER, JR.,
UNITED STATES DISTRICT COURT JUDGE

PRESENTED BY:

DATE: Dec. 21, 2009

ROSALYN M. CHAPMAN
UNITED STATES MAGISTRATE JUDGE

R&R-MDO\09-9261.mdo
12/18/09

---

[1] In light of the summary dismissal of this action, petitioner's motion for appointment of counsel is denied.